Dear Mr. Daniel:
This is in response to a request for an official opinion sent to us by your predecessor in office, Mr. F. M. Wilson, which states:
 Are the officers, agents, employees, and members of the Office of The Adjutant General, those in the Disaster Planning and Operations Office, and those in the Office of Air Search and Rescue afforded coverage under the tort defense fund?
The Missouri legislature by the enactment of the "Tort Defense Fund," § 105.710, RSMo Supp. 1980, has determined that the state will pay certain officers, employees and agents for certain final judgments obtained against them for acts performed in connection with their official duties. Subsection 1 of the current version of this section reads, in pertinent part, as follows:
 As part of the compensation to be paid to the director of the division of corrections, the director of the department of social services, the director of the division of health, the director of the division of family services, the curators and regents of public institutions of higher education which award baccalaureate degrees, the director of the department of mental health, the adjutant general, the head of state parks in the department of natural resources, other officers, employees and agents of the division of corrections, the division of health, the division of family services, the department of mental health, members and employees of the state highway patrol, members of the Missouri national guard, and officers and employees of the department of natural resources assigned to state parks and the administration of state parks, the commissioner of administration is authorized to pay from the "Tort Defense Fund," which is hereby created, all final judgments awarded in courts of competent jurisdiction to any claimant against the aforesaid officers, employees, agents, and members of the Missouri national guard, for acts arising out of and performed in connection with their official duties in behalf of the state. . . . (Emphasis added)
We note that § 105.710.1 names the adjutant general and members of the Missouri National Guard. There are no references to officers, agents, employees and members of the Office of the Adjutant General, of the Disaster Planning and Operations Office, or of the Office of Air Search and Rescue.
It is a general rule of statutory construction that the mention of one thing implies the exclusion of another. Marx Haas Jeans Clothing Co., v. Watson, 67 S.W. 391 (Mo. banc 1902). Hence, the statute which mandates a thing to be done in a given manner or by certain persons or entities normally implies that it shall not be done in any other manner or by any other persons or entities. Botany Worsted Mills v.United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379
(1929). Although this rule of exclusion is not a rule of law, it does provide the preferred construction of a statute wherein coverage is specifically granted to certain persons, classes or entities by enumeration. State v. Bengsch,70 S.W. 710 (Mo. banc 1902); Citizens' Nat. Bank of Kansas City
v. Graham, 48 S.W. 910 (Mo. banc 1898); Henderson v. Koenig,et al., 68 S.W. 72 (Mo. banc 1902).
The plain language of § 105.710.1 demonstrates the clear intent of the legislature to give only those persons named therein a shield from successful tort judgments obtained against them.
It is our opinion that the coverage of the Tort Defense Fund extends solely to the adjutant general and members of the Missouri National Guard. To the extent that officers, employees, agents, or members of the Office of the Adjutant General are also members of the Missouri National Guard, such persons would be included in the coverage of the fund. There is no indication in the statutes that the Office of Disaster Planning and Operations and the Office of Air Search and Rescue are an arm of the National Guard. It appears that these offices are included under the Office of the Adjutant General for purposes of management and coordination. Since these offices are not part of the National Guard, individuals employed in such offices who are not also members of the National Guard are not afforded coverage under the Tort Defense Fund.
CONCLUSION
Therefore, it is the opinion of this office that the coverage of the Tort Defense Fund does not extend generally to the officers, agents, employees and members of the office of the Adjutant General, those in the Disaster Planning and Operations Office or to those in the Office of Air Search and Rescue except to the extent that such individuals may be the Adjutant General or members of the Missouri National Guard.
Very truly yours,
 JOHN ASHCROFT Attorney General